**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID DAVIES d/b/a DAVIES HOME SERVICES, individually and as the representative of a class of similarly situated persons, )))))) | Case No. 13 CV 3546 |
| Plaintiff, )) | Hon. Sharon Johnson Coleman |
| v. )) | Magistrate Judge Mason |
| W.W. GRAINGER, INC. and JOHN DOES 1-12, ))) | |
| Defendants. ) | |

**W.W. GRAINGER'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
THE PRODUCTION OF PLAINTIFF'S FILE OF FAX ADVERTISEMENTS**

Defendant W.W. Grainger ("Grainger") moves to compel the production of documents being withheld by Plaintiff David Davies d/b/a Davies Home Services ("Davies") on the basis of relevance and privilege, and for purportedly falling outside the scope of discovery. The parties have substantially completed discovery related to the question of Davies' adequacy to serve as a class representative. However, Davies is currently withholding a file containing approximately 700 faxes received between February 19, 2008 and October 24, 2012 on the following grounds: (1) the documents are not relevant to any claim or defense in the litigation; (2) the documents fall outside the scope of discovery limited to the issue of Plaintiff's adequacy; (3) the documents are subject to attorney-client and work product protections. As discussed in greater detail below, the documents at issue are directly relevant to Grainger's defenses and are well within the scope of discovery related to Davies' adequacy as a class representative. Moreover, neither the attorney-client privilege nor the work product doctrine applies to the materials in question.

Grainger's request for production of Davies' file of faxes received is reasonably calculated to lead to the discovery of admissible evidence related to Grainger's established

business relationship and consent defenses. Specifically, the faxes retained by Davies over a period of nearly five years would likely reveal information related to the timing and circumstances surrounding Davies' publication of his fax number in the Yellow Pages for the North Shore Region of Illinois. Because this information is uniquely pertinent to Grainger's defenses to Davies' TCPA claim, it follows that the material falls within the scope of the current phase of discovery related to Davies' adequacy.

For these reasons, the Court should compel the production of all documents listed on the fax "log" appended to Davies' December 9, 2013 Response to Grainger's First Supplemental Requests for Production.

### I.      FACTUAL BACKGROUND

On July 22, 2013, Judge Coleman referred this matter to the Court for discovery supervision and settlement discussions. (D.E. 23.) On August 8, 2013, the Court ordered the parties to conduct discovery on the limited issue of Davies' adequacy to serve as a representative to the putative class. (*See* D.E. 27.) At his deposition on the issue of adequacy, counsel for Grainger questioned Davies about the amount of paper that Davies has expended for the receipt of fax advertisements. Davies responded: "Well I've got a stack of the paper, several reams worth." (Davies Dep. Tr., relevant excerpts attached hereto as Exhibit A, at 20:15-16.) In response to counsel's question regarding when Davies had started collecting incoming faxes, Davies stated: "About—approximately two years ago." (*Id.* at 20:19.)

Immediately following Davies' deposition, Grainger's counsel requested by letter that Davies produce, *inter alia*, "the 'stack' or 'ream' of faxes described by Mr. Davies at his deposition." (*See* November 9, 2013 Letter from K. Anderson to J. Smith, attached hereto as Exhibit B). In response, Davies' counsel objected that the request "seeks information that is not

relevant to Plaintiff's claims or Defendant's defenses, and is not reasonably calculated to lead to the discovery of admissible evidence." (*See* November 18, 2013 Letter from J. Smith to K. Anderson, attached hereto as Exhibit C, at 1.) Davies' counsel further objected that Grainger's request was "beyond the scope of discovery that was limited at Grainger's request," and that "the production of these documents would divulge information that is protected by the work product doctrine and attorney-client privilege." (*See id.*) Following the November 22 status conference before this Court, and after conferring with Davies' counsel, Grainger set forth its position as to the relevance of the documents in question. Specifically, Grainger explained that the documents are relevant to "[t]he circumstances surrounding the publication of Davies' fax number," which directly relates to Grainger's consent defense. (*See* November 22, 2013 email from D. Luger to J. Smith, attached hereto as Exhibit D, at 2.) Counsel for Davies maintained its relevance objections but agreed to produce a "log" of the faxes comprising Davies' "stack" or "ream" of fax advertisements. (*See* November 22, 2013 email from J. Smith to D. Luger, Exhibit D at 1.) Grainger agreed to review the log, specifically reserving rights to raise this issue again if the log did not satisfactorily respond to Grainger's document request. (*See* November 22, 2013 email from D. Luger to J. Smith, Exhibit D, at 1.)

Davies produced the fax log in conjunction with his December 9, 2013 "Response to Grainger's First Supplemental Requests for Production." (*See* Davies' Response to Grainger's First Supplemental Requests for Production, attached hereto as Exhibit E, at Davies032-47.) The "log" consists of two columns: one listing the date of receipt and the other listing the number of pages contained in each of the approximately 700 faxes retained by Davies beginning in February 2008. The log provides no additional detail about the faxes and provides no basis for withholding any of the documents, whether on grounds of relevance, scope, or privilege. The

3

log also contains a good percentage of purportedly undated faxes, which provide no information about the fax transmission other than the number of pages. Ultimately, the log did not prove a workable compromise to respond to the substance and purpose of Grainger's request, particularly given the large number of faxes in the log which bore no date. Accordingly, counsel for Grainger and Davies further met and conferred about allowing Grainger's counsel access to the 700 faxes, but were unable to reach any further compromise.

## II. ARGUMENT

### A. The Documents in Question Are Relevant to Grainger's Defenses

The Federal Rules of Civil Procedure "permit liberal discovery in an effort to facilitate the trial or settlement of legal disputes." *Jenkins v. White Castle Mgmt. Co.*, No. 12 C 7273, 2013 WL 5663644, at *2 (N.D. Ill. Oct. 17, 2013) (citing *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009)). Rule 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1); *accord YCB Int'l, Inc. v. UCF Trading Co., Ltd.*, No. 09-CV-7221, 2012 WL 3069683, at *6 (N.D. Ill. Jun. 12, 2012) (Mason, J). "This broad duty of disclosure extends to all documents that fit the definition of relevance for the purposes of discovery—whether the documents are good, bad or indifferent." *Northington v. H & M Int'l*, No. 08-cv-6297, 2011 WL 663055, at *10 (N.D. Ill. Jan. 12, 2011) (Mason, J) (internal quotation marks omitted).

"In ruling on motions to compel discovery, courts have consistently adopted a liberal interpretation of the discovery rules." *SRAM, LLC, v. Hayes Bicycle Group, Inc.*, No. 12 C 3629, 2013 WL 6490252, at *2 (N.D. Ill. Dec. 10, 2013) (quoting *Kodish v. Oakbrook Terrace Fire*

*Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). "Courts commonly look unfavorably upon significant restrictions placed upon the discovery process" and the "burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish*, 235 F.R.D. at 450. This burden "is not satisfied by a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome, or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Osada v. Experian Info. Solutions, Inc.*, 290 F.R.D. 485, 494 (N.D. Ill. 2012) (internal quotation marks omitted). The Court has broad discretion whether to compel discovery. *Kodish*, 235 F.R.D. at 450.

First, though Davies' counsel objected to producing these documents on privilege and work product grounds, *see* November 18, 2013 Letter, Exhibit C at 1, it has provided no basis for either objection either in its discovery responses or in the fax log itself. The party asserting privilege bears the burden of proving that the privilege applies. *See RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 218 (N.D. Ill. 2013). The mere assertion of a privilege, however, is not enough. *See Yahnke v. County of Kane*, No. 12 C 5151, 2013 WL 4537865, at *6 (N.D. Ill. 2013) (quoting *United States v. BDO Seidman LLP*, 337 F.3d 802, 811 (7th Cir. 2003)). The faxes at issue were between Davies and third party advertisers and are therefore not subject to the attorney-client privilege. *See United States v. Evans*, 113 F.3d 1457, 1462 (7th Cir. 1997) (noting that communications disclosed to a third party are not privileged). Nor are they subject to protection under the work product doctrine, which shield from production materials created by counsel in anticipation of litigation. *See* FED. R. CIV. P. 26(b)(3)(A). Thus—as demonstrated by Davies' failure to explain why the attorney-client privilege or the work product doctrine applies—neither protection deserves consideration from the Court.

Second, Davies' "stack" or "ream" of faxes constitutes nonprivileged material relevant to two of Grainger's affirmative defenses. Specifically, Grainger has asserted as affirmative defenses that Davies' individual TCPA claim is barred (1) "to the extent that Plaintiff consented to receiving facsimile transmissions from Grainger" and (2) "to the extent that Plaintiff had an established business relationship with Grainger." (*See* Answer, D.E. 19, at 12.) The document request at issue is reasonably calculated to lead to discoverable evidence relating to these defenses. With respect to the first affirmative defense, the TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person *without that person's prior express invitation or permission, in writing or otherwise*." 47 U.S.C. § 227(a)(5) (emphasis added). The sender of a fax has a defense to a TCPA claim where he can show that the recipient expressly consented to receiving a fax from the sender. *See CE Design, Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 725-26 (7th Cir. 2011). Grainger's request for the production of the documents comprising Davies' "stack" of approximately 700 faxes is reasonably calculated to lead to the discovery of admissible evidence demonstrating that Davies has consented to receiving faxes from Grainger or from other third parties in the past. Indeed faxes contained in Davies' file may lead to discoverable evidence regarding the ways in which Davies consented to receiving fax advertisements.

The materials contained in Davies' stack of faxes are also directly relevant to Grainger's established business relationship defense. The TCPA generally allows the use of a fax machine to send an unsolicited advertisement if, *inter alia*:

> (i) the unsolicited advertisement is from a sender with an established business relationship with the recipient; (ii) the sender obtained the number of the telephone facsimile machine through . . . (II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its

6

facsimile number for public distribution . . ."

47 U.S.C. § 227(b)(1)(C)(i)-(ii). The requested materials are reasonably calculated to lead to the discovery of admissible evidence detailing the timing and circumstances under which Davies published his facsimile information in a public directory. Grainger is entitled to review the faxes in question to better understand the details surrounding Davies' publication of his fax information in the Yellow Pages for the North Shore Region. A review of the stack of faxes in Davies' possession would likely reveal information pertinent to this affirmative defense.

### B. Scope

In its November 18, 2013 letter and again in its Response to Grainger's First Supplemental Requests for Production, Davies contends that Grainger's request for the documents comprising the "stack" or "ream" of faxes collected by Plaintiff seeks information "that is beyond the current scope of discovery, which the Court has limited to the issue of the adequacy of Plaintiff to serve as the class representative." (*See* Exhibit C at 1; Exhibit E at 3.) On August 8, 2013, and again on September 9, 2013, after briefing on a motion to reconsider, this Court ordered that the parties complete discovery regarding the adequacy of the class representative. (*See* D.E. 33 at 3.) Because Grainger's document request pertains to the facts underlying potential defenses unique to the named plaintiff, the request falls within the scope of discovery limited to the issue of the plaintiff's adequacy as a class representative. The Seventh Circuit has stated that "[t]he presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may . . . bring into question the adequacy of the named plaintiff's representation." *CE Design*, 637 F.3d at 726 (internal quotation marks omitted). As discussed above, the documents requested by Grainger are reasonably calculated to lead to discoverable evidence relating to Grainger's consent and established business relationship

7

defenses. More precisely, the requested materials would likely provide factual bases for consent and established business relationship defenses unique to Davies (e.g., information related to the timing of Davies' publication of his advertisement in the Yellow Pages for the North Shore region) that would not necessarily apply to the rest of the putative class. As such, the materials in question speak directly to Davies' adequacy and therefore fall well within the scope of discovery ordered by this Court.

### C. Local Rule 37.2 Statement

Pursuant to Local Rule 37.2, counsel for Grainger states that it has made good faith efforts to consult with counsel for Davies by telephone in order to resolve the dispute regarding the production of Davies' file of fax advertisements. Specifically, counsel conferred following a status hearing before this Court on November 22, and again by telephone on December 13 and December 17. However, through no fault of Grainger's counsel, the parties were unable to reach an accord.

### III. CONCLUSION

In light of the foregoing, Grainger respectfully requests that the Court compel the production of all wrongfully withheld materials.

Dated: January 13, 2014

Respectfully submitted,

W.W. GRAINGER, INC.

/s/Kimball R. Anderson
Kimball R. Anderson #499808
Norman K. Beck #6275116
David Luger #6299381
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-5600
kanderson@winston.com

*Counsel for Defendant W.W. Grainger, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Defendant W.W. Grainger, Inc.'s Memorandum in Support of Its Motion to Compel the Production of Plaintiff's File of Fax Advertisements** was sent via ECF and PDF email this 13th day of January, 2014, to: Phillip A. Bock, James M. Smith, and Phillip J. Bullimore, BOCK & HATCH, LLC, 134 North LaSalle Street, Suite 1000, Chicago, Illinois 60602.

/s/Norman K. Beck