| | | |
|---|---|---|
| DAVID DAVIES d/b/a DAVIES HOME SERVICES, individually and as the representative of a class of similarly situated persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 13-cv-3546 |
| W.W. GRAINGER, INC., and JOHN DOES 1-12, | ) ) | |
| Defendants. | ) ) | Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Davies d/b/a Davies Home Services ("Davies") filed a two count Amended Class Action Complaint individually and on behalf of all similarly situated persons against defendants W.W. Grainger, Inc. and John Does 1-12 alleging violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1), and common law conversion. Davies moved for class certification [16] and defendant W.W. Grainger, Inc. ("Grainger") moved for a determination that the Court should not certify a class [39].[1] For the reasons stated herein, the Court grants Grainger's motion based on inadequate class representation.

**Background**

W.W. Grainger allegedly sent a telephone facsimile advertisement without permission on December 2, 2009, to Davies and other small businesses. Davies seeks to certify the following class of plaintiffs:

> All persons who were sent one or more telephone facsimile messages since April 5, 2009, that advertised the commercial availability of property, goods, or services offered by W.W. Grainger, Inc., that did not contain an opt-out notice that complied with federal law.

Grainger admits that it sent the single fax to Davies as part of an advertising campaign directed at certain small business customers. Davies neither took advantage of the offer nor did

---

[1] At the Court's request, the parties stipulated to dismiss without prejudice Davies' motion to certify class on March 31, 2014. In light of this stipulation, the Court also struck Grainger's motion for determination that the Court should not certify a class. Grainger subsequently moved to reinstate the instant motion and all briefs filed in support of and in opposition to the motion, which the Court granted April 16, 2014 [61].

he opt-out or otherwise request that he not receive any further advertising from Grainger. Davies was an existing customer of Grainger, having conducted nine separate business transactions with Grainger between February 1994 and September 2008. Davies asserts that he does not recall making the most recent purchase, of a dehumidifier on September 15, 2008, and suggests that it may have been purchased by one his customers to whom he had given his Grainger account information.

Davies testified at his deposition that it was possible that he provided Grainger with his fax number. Although it was not labeled as a fax number, Davies' number was listed in multiple public directories, including 2007 and 2008 Business White Pages for the North Shore Region. In mid-2009, Grainger paid a company called Infogroup to find fax numbers for the small businesses in Grainger's database. Infogroup provided Davies' fax number to Grainger and told Grainger that it obtained the fax numbers from public directories. Davies neither requested nor paid to have his numbers included in the public directories. The fax machine was attached to Davies' second phone line and calls to the line would be prompted to enter "1-2-3" in order to turn the fax machine on. Davies alleges that he requested AT&T remove the second line phone number from their listing.

Between February 19, 2008, and October 24, 2012, Davies received approximately 700 faxes from various senders, including the one that Grainger sent. Davies filed the instant class action complaint against Grainger more than three years after receiving the fax at issue.

**Legal Standard**

A putative class must meet the requirements of Federal Rule of Civil Procedure 23(a) before the court will certify the class. *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 591 (7th Cir. 2011). The only requirement at issue here is adequacy of the proposed class representative, Davies. "[T]here must be enough congruence between the named representative's claim and that of the unnamed members of the class to justify allowing the named party to litigate on behalf of the group." *Spano v. Boeing Co.*, 633 F.3d 574, 586 (7th Cir. 2011). The Seventh Circuit has explained that a named plaintiff "cannot be an adequate representative of the class of unconsenting recipients of… faxes if it is subject to a defense that couldn't be sustained against other class members." *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 725 (7th Cir. 2011). "'The presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into

question the adequacy of the named plaintiff's representation. The fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer.'" *Id.* at 726 (quoting *J.H. Cohn & Co. v. American Appraisal Associates, Inc.*, 628 F.2d 994, 999 (7th Cir. 1980)).

**Discussion**

Grainger moves for the court to deny class certification following discovery directed solely to the issue of Davies' adequacy as class representative. First, Grainger asserts that it arguably has three defenses to Davies' TCPA claim against Grainger that are likely to become a major focus of the litigation. Grainger argues that facts established in discovery demonstrate that Grainger has the following unique defenses to Davies' claim: (1) Davies had a longstanding, established business relationship with Grainger; (2) Davies voluntarily made his fax number available in at least two public directories over several years; and (3) Davies recognized and understood the opt-out language on the fax advertisement he received from Grainger. Grainger also moves to deny class certification as to Davies' claim of common law conversion for the loss of ink and paper used by the fax.

*1. Unique Defenses to Davies' TCPA Claim*

Grainger asserts that it sent the fax to Davies as part of an advertising campaign directed to its customers. The TCPA prohibits the use of any telephone facsimile machine to send, to a telephone facsimile machine, an unsolicited advertisement, unless:

> (i) the unsolicited advertisement is from a sender with an established business relationship with the recipient;
> (ii) the sender obtained the number of the telephone facsimile machine through—
>
>> (I) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or
>>
>> (II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution;
> and
> (iii) the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D). 47 U.S.C. § 227(b)(1)(C).

First, it is evident from the parties' arguments and deposition on file that Grainger arguably has an established business relationship with Davies. Federal regulations define "established business relationship" as:

a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party. 47 C.F.R. § 64.1200(f)(6).

Grainger's records indicate that Davies engaged in nine separate transactions with Grainger between 1994 and 2008. Davies argues that he was not a regular customer of Davies, but he did recall at least two transactions and did not dispute Grainger's business records at his deposition. Davies also admits in his deposition that he never terminated his relationship with Grainger.

Second, Davies arguably consented to receiving Grainger's fax. The TCPA only prohibits "unsolicited advertisements," meaning "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). Grainger argues that it obtained Davies' fax number either from him personally and/or from a search of public directories by Infogroup, a company Grainger hired to search for the fax numbers of customers in Grainger's database. Davies testified that it is possible that he provided his fax number directly to Grainger during the course of their business relationship. (See Dkt. 40-5, Tab D, Davies Tr. at 79:5-20). Grainger presents copies of the 2007 and 2008 Business White Pages for the North Shore Region that list Davies' phone numbers, one of which is his fax number. (Dkt. 40-7, Tab. F). Furthermore, Infogroup uses only information gathered from public sources. Internal records indicate that Infogroup's database included Davies' fax number and that the information had been obtained from the 2005, 2006, 2007 and/or 2008 editions of the Yellow Pages and/or Business White Pages covering the North Shore Region of Illinois. (Dkt. 40-8, Tab. G, Decl. Christopher Fruehwald). Davies concedes that he provided his fax number to public directories, and could have provided it to Grainger, and therefore arguably consented to receiving fax advertisements.

Undaunted, Davies maintains that the opt-out notice is not "clear and conspicuous" as required by the TCPA. *See* 47 U.S.C. §227(b)(2)(D)(i), (iv)(I)-(II), (v); 47 C.F.R. § 64.1200(a)(3)(iii); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prevention Act of 2005*, 21 F.C.C. Rcd. 3787, 3801 (2006) (clear and conspicuous means "a notice that would be apparent to a reasonable consumer"). However, at his deposition, Davies testified that he can read the opt-out notice and that, from his prior experience

dealing with unsolicited faxes litigation, he understood the opt-out notice requirement. (Dkt. 40-5, Tab D at 34:24-37:18.) He further admitted that he did not opt-out from receiving future faxes from Grainger. (*Id*. at 37:19-22.)

Davies' effort to oppose all of Grainger's defenses only serves to underscore that there exist significant factual issues with respect to these defenses that would have to be resolved separately as to Davies if the case proceeded as a class action. He points out the various points of dispute in the factual record, ostensibly to rebut Grainger's argument. However, Davies succeeds in demonstrating that he is not an adequate representative because it is likely that too much time and attention will be spent on rebutting substantial individual defenses to the detriment of the absent class plaintiffs. *See CE Design Ltd.,* 637 F.3d at 728. Therefore, the Court grants Grainger's motion to deny class certification as to Count I.

*2. Conversion Claim*

Grainger also moves for denial of class certification on Count II of the Amended Class Complaint, alleging common law conversion for the loss of ink and paper used by the fax. Davies did not respond to this argument. Accordingly, this Court grants Grainger's motion on that issue. *See* N.D. Ill. L.R. 78.3; *Basta Am. Hotel Register Co.,* 872 F. Supp. 2d 694, 704 (N.D. Ill. 2012). Even if Davies had responded, this Court would likely find that the loss of ink and paper to print a single fax is *de minimis* damage too small to be actionable. *See, e.g., Quality Management and Consulting Services, Inc. v. SAR Orland Food Inc.,* No. 11 cv 06781, 2012 U.S. Dist. LEXIS 82794, *8 (N.D. Ill. June 11, 2012) (Chang, J.); *Old Town Pizza of Lombard, Inc. v. Corfu-Tasty Gyro's Inc.*, No. 11 cv 6959, 2012 U.S. Dist. LEXIS 24396, *10-11 (N.D. Ill. Feb. 23, 2012) (Darrah, J.).

**Conclusion**

Based on the foregoing, this Court grants defendant Grainger's motion for determination that the Court should not certify a class [39].

IT IS SO ORDERED.

_____
Date: June 27, 2014

_____
       Sharon Johnson Coleman
       United States District Judge