IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIES d/b/a DAVIES HOME SERVICES, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>W.W. GRAINGER, INC. and JOHN DOES 1-12,<br><br>Defendants. | Case No. 13-cv-3546<br><br>Judge Sharon Johnson Coleman<br><br>Mag. Judge Michael T. Mason |

**PLAINITFF'S STATEMENT OF UNCONTESTED MATERIAL FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff, David Davies d/b/a Davies Home Services ("Plaintiff"), pursuant to Local Rule 56.1(a) (3), submits the following statement of uncontested material facts, including a description of the parties and facts supporting venue and jurisdiction:

**JURISDICTION AND VENUE**

1. Defendant W.W. Grainger, Inc. ("Defendant") removed this case from the Circuit Court of Cook County, Illinois on grounds that the United States District Court for the Northern District of Illinois has subject matter jurisdiction under the provisions of 28 U.S.C. § 1331, because a claim pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, arises under federal law. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449-51 (7th Cir. 2005).

2. Venue is proper in the Northern District of Illinois because the events

giving rise to Plaintiff's claim occurred within this District. Deposition of David Davies (November 6, 2013), 16:11-17, 33:1-4, Ex. 1 ("Davies Dep."), attached hereto as <u>Exhibit A</u>.

## PARTIES

3. Plaintiff David Davies d/b/a Davies Home Services is an Illinois sole proprietorship that conducts business within the Northern District of Illinois. Davies Dep., 8:5-13, 9:8-11.

4. Defendant W.W. Grainger does business in the Northern District of Illinois as an industrial distribution company. Deposition of Robert J. Finn (October 15, 2013), 10:6-9 ("Finn Dep."), attached hereto as <u>Exhibit B</u>.

5. Robert J. Finn has been Defendant's Senior Director of Marketing Communications for seven years, and worked as the Director of Direct Marketing for Defendant for two years prior to that. Finn Dep., 10:2-5, 11:6-16.

## FACTS

6. Defendant maintained a database of customers, each of whom had given their contact information to a salesperson or associate, set up an account, or applied for credit. Finn Dep., 43:1-9.

7. Defendant assigned every customer a permanent customer number, and added the customer to Defendant's database. Finn Dep., 66:14-22.

8. Plaintiff was not a regular customer of Defendant, but did recall receiving catalogs from Defendant over the years and purchasing from Defendant a

motor for an exhaust fan for his office "years ago". Davies Dep., 44:22-25, 46:12-19, 47:10-12.

9. Defendant did not inform the customers who provided their fax numbers that Defendant would send advertising faxes to them. Finn Dep., 43:10-14.

10. In December of 2008, Defendant started conducting fax advertising to market small businesses. Finn Dep., 16:13-17, 19:15-18.

11. A marketing team created Defendant's fax advertisements, including the copy points, the offer, and the terms and conditions. Finn Dep., 19-21, 30:17-22.

12. At some point in early or mid-2009, Defendant paid InfoUSA to find the fax numbers of the small businesses in Defendant's database that had never given Defendant their fax numbers. Finn Dep., 40:18-22, 42:10-12, 44:3-4, 51:1-2.

13. Defendant obtained Plaintiff's fax number from InfoUSA, and not from Plaintiff itself. Finn Dep., 65:21-24 ("Q. For the plaintiff in this case in particular, he did not give you his fax number, correct? A. Correct."); 66:1-6 ("Q. He was part of the group of the small businesses with no fax number that you sent to InfoUSA?" A. That is correct."). *See also* Defendant's Objections and Responses to Plaintiff's First Set of Requests for Admission Regarding Adequacy, No. 16, Exhibit C.

14. Plaintiff does not recall ever giving his fax number to Defendant. Davies Dep., 79:5-20.

15. Defendant hired Optima Direct to blast fax the ads to the small businesses targeted by Defendant. Finn Dep., 53:17-54:6.

16. Defendant conducted—or had Optima Direct conduct on its behalf—ten fax broadcasts of between December 2008 and December 2009. Finn Dep., 32:14.

17. Optima Direct provided Defendant with reports of the fax blasts. Finn Dep., 63:14-20.

18. Plaintiff was sent an advertisement on December 2, 2009, during the last fax broadcast. Finn Dep., 32:22-33:4.

19. Plaintiff received the following fax from Defendant:



4

Exhibit D attached hereto; *see also* Finn Dep., 29:14-30:12 (admitting the fax attached to Plaintiff's Amended Class Action Complaint is one of Defendant's fax advertisements), Ex. 2.

20. The fax advertisement Defendant sent to Plaintiff contained an opt-out notice at the very bottom of the page. *See* Exhibit D.

21. Plaintiff could not read the opt-out notice on Defendant's fax without his glasses. Davies Dep., 35:15-16 ("Honestly, I can't read this, it's so tiny. Let me get my glasses.").

22. Plaintiff had a multipurpose copier, scanner and fax machine at the business address attached to the telephone number (847) 825-3741. Davies Dep., 14:11-15:8, 40:1-6.

23. The (847) 825-3741 number was not Plaintiff's main line, but a secondary line used for outgoing calls to keep the main line free, and for faxing contracts to people. Davies Dep., 72:10-12, 77:16-22, 78:7-11.

24. Defendant testified that it believed it had Plaintiff's permission to send it the subject fax advertisement because Plaintiff had been a customer, and Plaintiff had his fax number in a publicly available source. (Q. So I understand it is Grainger's position that plaintiff consented to receiving the fax advertisement. That is Grainger's position? A. That is correct. Q. Can you explain to me what that decision is based on? A. Yes. Mr. Davies is an existing customer, and he had his phone number and fax in a – publicly-available source, so that gives consent. Q. Any other reason? A. No.) Finn

5

Dep., 73.

January 30, 2015.                    Respectfully submitted,

/s/ James M. Smith

One of Plaintiffs' attorneys

Phillip A. Bock
James M. Smith
Julia L. Titolo
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500