IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID DAVIES d/b/a DAVIES HOME, ) <br> SERVICES, individually and as the representative ) <br> of a class of similarly-situated persons, ) <br>     Plaintiffs, ) <br>   v. ) <br> W.W. GRAINGER, INC., and JOHN DOES 1-12, ) <br>     Defendants. ) <br> ) | Civil Action No. 13-cv-03546 <br><br> Honorable Sharon Johnson Coleman <br><br> Magistrate Judge Michael Mason |

### W.W. GRAINGER, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS REGARDING ADEQUACY

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant W.W. Grainger, Inc. ("Grainger"), by and through its undersigned attorneys, hereby submits its Responses and Objections to Plaintiff's First Set of Requests for Admissions (Nos. 1-25) as follows:

### GENERAL OBJECTIONS

The following General Objections are incorporated into each individual response as if they were fully repeated in each response.

    1.    Grainger objects to Plaintiff's definitions and instructions to the extent that they (1) change the common meaning of the English language with regard to any word or phrase, (2) alter the scope of discovery under the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's September 9, 2013 Order regarding discovery, and/or (3) define terms differently than such terms are defined under the Federal Rules of Civil Procedure. Grainger also objects to the definitions that Plaintiff has provided for terms used in these requests to the extent that they are overbroad, argumentative, prejudicial, improper, incorrect, vague or ambiguous.

    2.    Grainger objects to Plaintiff's Requests to the extent that they seek information

1

protected by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges.

3. Grainger objects to Plaintiff's Requests to the extent that they are overbroad, unduly burdensome, and irrelevant or not calculated to lead to the discovery of admissible evidence. Grainger's objections and responses are not intended to waive or prejudice any objections Grainger may assert now or in the future.

4. To the extent Grainger does not unequivocally admit, deny, state that Grainger lacks information sufficient to admit or deny a particular request, or assert a privilege, the response should be deemed a denial.

5. Grainger's responses are based on information presently available to Grainger and its attorneys. Grainger's responses are made without prejudice to its right to supplement or amend its written responses and to present evidence discovered hereafter.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1

Defendant has no records showing Plaintiff has any interests that are antagonistic to the other Putative Class Members

**RESPONSE:** Denied.

### REQUEST NO. 2

Defendant has records showing Plaintiff has interests that are antagonistic to the other Putative Class Members.

**RESPONSE:** Admitted.

### REQUEST NO. 3

Defendant has no records showing Plaintiff has any conflicts with any of the Putative Class Members.

**RESPONSE:** Denied.

**REQUEST NO. 4**

Defendant has records showing Plaintiff has conflicts with any of the Putative Class Members.

**RESPONSE:** Admitted.

**REQUEST NO. 5**

Defendant has no records showing Defendant has a unique defense to Plaintiff that does not apply to any of the other Putative Class Members.

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that it is vague and ambiguous. Grainger further objects to this Request to the extent that it calls for a legal conclusion. Subject to and without waiving its objections, Grainger denies that it has no records demonstrating that Defendant has a unique defense to Plaintiff that does not apply to recipients of facsimile advertising from Grainger who, as alleged in the Amended Class Action Complaint, did not have an existing business relationship with Grainger or otherwise did not give consent or permission to Grainger to receive facsimile advertising.

**REQUEST NO. 6**

Defendant has records showing Defendant has a unique defense to Plaintiff that does not apply to any of the other Putative Class Members.

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that it is vague and ambiguous. Grainger further objects to this Request to the extent that it calls for a legal conclusion. Subject to and without waiving its objections, Grainger admits that it possesses records demonstrating that Defendant has a unique defense to Plaintiff that does not apply to recipients of facsimile advertising from Grainger who, as alleged in the Amended Class Action Complaint, did not have an existing business relationship with Grainger or otherwise did not give consent or permission to Grainger to receive facsimile advertising.

**REQUEST NO. 7**

Defendant has no records showing Defendant has a unique defense to Plaintiff that does not apply to some of the other Putative Class Members.

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that it is vague and ambiguous. Grainger further objects to this Request to the extent that it calls for a legal conclusion. Subject to and without waiving its objections, Grainger denies that it has no records demonstrating that Defendant has a unique defense to Plaintiff that does not apply to recipients of facsimile advertising from Grainger who, as alleged in the Amended Class Action Complaint, did not have an existing business relationship with Grainger or otherwise did not give consent or permission to Grainger to receive facsimile advertising.

## REQUEST NO. 8

Defendant has records showing Defendant has a unique defense to Plaintiff that does not apply to some of the other Putative Class Members.

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that it is vague and ambiguous. Grainger further objects to this Request to the extent that it calls for a legal conclusion. Subject to and without waiving its objections, Grainger admits that it possesses records demonstrating that Defendant has a unique defense to Plaintiff that does not apply to recipients of facsimile advertising from Grainger who, as alleged in the Amended Class Action Complaint, did not have an existing business relationship with Grainger or otherwise did not give consent or permission to Grainger to receive facsimile advertising.

## REQUEST NO. 9

Defendant has no records showing Defendant has a unique defense to Plaintiff that does not apply to most of the other Putative Class Members.

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that it is vague and ambiguous. Grainger further objects to this Request to the extent that it calls for a legal conclusion. Subject to and without waiving its objections, Grainger denies

that it has no records demonstrating that Defendant has a unique defense to Plaintiff that does not apply to recipients of facsimile advertising from Grainger who, as alleged in the Amended Class Action Complaint, did not have an existing business relationship with Grainger or otherwise did not give consent or permission to Grainger to receive facsimile advertising.

**REQUEST NO. 10**

>  Defendant has records showing Defendant has a unique defense to Plaintiff that does not apply to most of the other Putative Class Members.

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that it is vague and ambiguous. Grainger further objects to this Request to the extent that it calls for a legal conclusion. Subject to and without waiving its objections, Grainger admits that it possesses records demonstrating that Defendant has a unique defense to Plaintiff that does not apply to recipients of facsimile advertising from Grainger who, as alleged in the Amended Class Action Complaint, did not have an existing business relationship with Grainger or otherwise did not give consent or permission to Grainger to receive facsimile advertising.

**REQUEST NO. 11**

>  Defendant had prior express consent from some Putative Class Members to send them advertisements by facsimile.

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that it is vague and ambiguous. Grainger further objects to this Request to the extent that it calls for a legal conclusion. Subject to and without waiving its objections, Grainger admits that it had prior express consent from some of the recipients of facsimile advertising from Grainger.

**REQUEST NO. 12**

>  Defendant had prior express consent from most of the Putative Class Members to send them advertisements by facsimile.

5

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that it is vague and ambiguous. Grainger further objects to this Request to the extent that it calls for a legal conclusion. Subject to and without waiving its objections, Grainger admits that it had prior express consent from most of the recipients of facsimile advertising from Grainger.

**REQUEST NO. 13**

Defendant generally obtained permission from the Putative Class Members before sending advertisements to them by facsimile.

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that it is vague and ambiguous. Grainger further objects to this Request to the extent that it calls for a legal conclusion. Subject to and without waiving its objections, Grainger admits that it generally obtained permission from the recipients of facsimile advertising from Grainger.

**REQUEST NO. 14**

Defendant had an established business relationship with some of the Putative Class Members prior to sending them an advertisement by facsimile.

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that it is vague and ambiguous. Grainger further objects to this Request to the extent that it calls for a legal conclusion. Subject to and without waiving its objections, Grainger admits that it had an established business relationship with some of the recipients of facsimile advertising from Grainger.

**REQUEST NO. 15**

Defendant had an established business relationship with most of the Putative Class members prior to sending them an advertisement by facsimile.

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that it is vague and ambiguous. Grainger further objects to this Request to the extent that it calls for a legal conclusion. Subject to and without waiving its objections, Grainger admits that it had an established business relationship with most of the recipients of facsimile advertising from Grainger.

## REQUEST NO. 16

Defendant did not obtain Plaintiff's fax number by directly communicating with Plaintiff.

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that the term "directly communicating" is vague and ambiguous. To the extent that Plaintiff uses the word "directly communicating" to mean "calling or writing the Plaintiff to obtain Plaintiff's fax number," Grainger admits the Request. Except as otherwise stated, Grainger has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny the request.

## REQUEST NO. 17

Defendant did not generally obtain the Putative Class Member's [sic] fax numbers by directly communicating with members of the Putative Class.

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that the term "directly communicating" is vague and ambiguous. To the extent that Plaintiff uses the word "directly communicating" to mean "calling or writing the recipients of facsimile advertising from Grainger to obtain their fax numbers," Grainger admits the Request. Except as otherwise stated, Grainger denies the request.

## REQUEST NO. 18

Defendant did not seek permission from Plaintiff directly to send Plaintiff any advertisement by fax.

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that the term "seek permission" is vague and ambiguous. To the extent that Plaintiff uses the word "seek permission" to mean "calling or writing the Plaintiff to expressly request permission to send the fax advertisement at issue," Grainger admits the Request. Except as otherwise stated, Grainger denies the remainder of the Request.

### REQUEST NO. 19

Defendant did not generally seek permission from any of the Putative Class Members, directly, to send them any advertisements by fax.

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that the term "seek permission" is vague and ambiguous. To the extent that Plaintiff uses the word "seek permission" to mean "calling or writing the Putative Class Members to expressly request permission to send the fax advertisement at issue," Grainger admits the Request. Except as otherwise stated, Grainger denies the remainder of the Request.

### REQUEST NO. 20

Every fax advertisement Defendant sent to the Putative Class Members contained the following opt out language: "If you do not wish to receive faxes from Grainger, please call 1-888-738-4920 extension 1732 and enter the fax number(s) to which you no longer wish to receive correspondence or fax your request to 1-866-404-3033. Our failure to comply with your request within 30 days of receipt is unlawful."

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that it is irrelevant and not calculated to lead to the discovery of admissible evidence because it is outside the scope of the Court's September 9, 2013 Order regarding discovery. Specifically, the Court's Order provides that discovery shall be limited to the issue of the "adequacy of the class representative." *See* Order at 3. This Request is irrelevant to the issue of Plaintiff's adequacy and is therefore premature at this stage of discovery. Subject to and without waiving its objections, the Request is admitted.

## REQUEST NO. 21

> Defendant has no record of a faxed advertisement that was sent to the Putative Class that contains opt out language that is different from: "If you do not wish to receive faxes from Grainger, please call 1-888-738-4920 extension 1732 and enter the fax number(s) to which you no longer wish to receive correspondence or fax your request to 1-866-404-3033. Our failure to comply with your request within 30 days of receipt is unlawful."

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that it is irrelevant and not calculated to lead to the discovery of admissible evidence because it is outside the scope of the Court's September 9, 2013 Order regarding discovery. Specifically, the Court's Order provides that discovery shall be limited to the issue of the "adequacy of the class representative." *See* Order at 3. This Request is irrelevant to the issue of Plaintiff's adequacy and is therefore premature at this stage of discovery. Subject to and without waiving its objections, the Request is admitted.

## REQUEST NO. 22

> Defendant has records of a faxed advertisement that was sent to the Putative Class that contains opt out language that is different from: "If you do not wish to receive faxes from Grainger, please call 1-888-738-4920 extension 1732 and enter the fax number(s) to which you no longer wish to receive correspondence or fax your request to 1-866-404-3033. Our failure to comply with your request within 30 days of receipt is unlawful."

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that it is irrelevant and not calculated to lead to the discovery of admissible evidence because it is outside the scope of the Court's September 9, 2013 Order regarding discovery. Specifically, the Court's Order provides that discovery shall be limited to the issue of the "adequacy of the class representative." *See* Order at 3. This Request is irrelevant to the issue of Plaintiff's adequacy and is therefore premature at this stage of discovery. Subject to and without waiving its objections, the Request is denied.

**REQUEST NO. 23**

    Every fax advertisement Defendant sent to the Putative Class members contained an opt out notice in the same font as the opt out notice font in Exhibit A, attached to Plaintiffs Amended Class Action Complaint (Doc. 13-2), which is also attached hereto as <u>Exhibit 1</u>.

    <u>**RESPONSE:**</u>    Grainger, in addition to its general objections, objects to this Request on grounds that it is irrelevant and not calculated to lead to the discovery of admissible evidence because it is outside the scope of the Court's September 9, 2013 Order regarding discovery. Specifically, the Court's Order provides that discovery shall be limited to the issue of the "adequacy of the class representative." *See* Order at 3. This Request is irrelevant to the issue of Plaintiff's adequacy and is therefore premature at this stage of discovery. Subject to and without waiving its objections, the Request is denied.

**REQUEST NO. 24**

    Defendant has no record of a faxed advertisement that was sent to the Putative Class that contains an opt out language that is in a different font as the opt out notice font in Exhibit A, attached to Plaintiffs Amended Class Action Complaint (Doc. 13-2), which is also attached hereto as <u>Exhibit 1</u>.

    <u>**RESPONSE:**</u>    Grainger, in addition to its general objections, objects to this Request on grounds that it is irrelevant and not calculated to lead to the discovery of admissible evidence because it is outside the scope of the Court's September 9, 2013 Order regarding discovery. Specifically, the Court's Order provides that discovery shall be limited to the issue of the "adequacy of the class representative." *See* Order at 3. This Request is irrelevant to the issue of Plaintiff's adequacy and is therefore premature at this stage of discovery. Subject to and without waiving its objections, the Request is denied.

**REQUEST NO. 25**

    Defendant has records of a faxed advertisement that was sent to the Putative Class that contains an opt out language that is in a different font as the opt out notice

font in Exhibit A, attached to Plaintiffs Amended Class Action Complaint (Doc. 13-2), which is also attached hereto as Exhibit 1.

**RESPONSE:** Grainger, in addition to its general objections, objects to this Request on grounds that it is irrelevant and not calculated to lead to the discovery of admissible evidence because it is outside the scope of the Court's September 9, 2013 Order regarding discovery. Specifically, the Court's Order provides that discovery shall be limited to the issue of the "adequacy of the class representative." *See* Order at 3. This Request is irrelevant to the issue of Plaintiff's adequacy and is therefore premature at this stage of discovery. Subject to and without waiving its objections, the Request is admitted.

Dated: October 28, 2013

W.W. GRAINGER, INC.

By: /s/Norman K. Beck
    Kimball R. Anderson #49980
    Norman K. Beck #6275116
    David Luger #6299381
    WINSTON & STRAWN LLP
    35 West Wacker Drive
    Chicago, IL 60601
    Telephone: (312) 558-5600
    Facsimile: (312) 558-5700
    nbeck@winston.com

*Attorneys for W.W. Grainger, Inc.*

## CERTIFICATE OF SERVICE

I, David Luger, hereby certify that on October 28, 2013, a copy of W.W. Grainger, Inc.'s Responses to Plaintiff's First Set of Requests for Admissions Regarding Adequacy was served on the following by U.S. mail and PDF email:

Phil Bock (phil@bockhatchllc.com)
James Smith (james@bockhatchllc.com)
Bock & Hatch, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602

/s/David Luger