

Page 1

Slip Copy, 2013 WL 3463489 (S.D.Fla.)
**(Cite as: 2013 WL 3463489 (S.D.Fla.))**

Only the Westlaw citation is currently available.

United States District Court, S.D. Florida,
Miami Division.
A AVENTURA CHIROPRACTIC CENTER, INC., Plaintiff,
v.
MED WASTE MANAGEMENT LLC, et al., Defendants.

No. 12–21695–CIV.
July 3, 2013.

Gregory Scott Weiss, Leopold Law, Palm Beach Gardens, FL, Ryan Michael Kelly, Anderson Wanca, Rolling Meadows, IL, for Plaintiff.

Kenneth J. Rubinstein, Sarah Jacobson, Haynes and Boone, LLP, New York, NY, Kevin Crow Kaplan, Coffey Burlington, Miami, FL, Ryan Michael Kelly, Anderson Wanca, Rolling Meadows, IL, for Defendants.

*ORDER*

CECILIA M. ALTONAGA, District Judge.

*1 **THIS CAUSE** came before the Court on Plaintiff, A Aventura Chiropractic Center, Inc.'s ("Aventura['s]") Motion to Reconsider the Court's Order Denying Plaintiff's Motion for Class Certification ("Reconsideration Motion") [ECF No. 114], filed May 31, 2013. The Court has carefully reviewed the parties' written submissions [FN1] and applicable law.

> FN1. Defendants filed a Memorandum of Law in Opposition to Plaintiff's Motion to Reconsider Denial of Class Certification ("Reconsideration Response") [ECF No. 117] on June 17, 2013, and Plaintiff filed a Reply Memorandum ... ("Reconsideration Reply") [ECF No. 118] on June 24, 2013.

**I. INTRODUCTION**

Aventura states the Court previously denied its Motion for Class Certification ("Class Certification Motion") [ECF No. 101] on a single ground: the potential that Defendants, Med Waste Management LLC and Avrohom Prager (collectively "Med Waste"), either had a prior business relationship with or had consented to receive faxes from some of the class members presented individual issues precluding class certification. (*See* Mot. 1). Aventura goes on to elaborate on why it believes the Court's analysis on this "single ground" for certification denial was wrong, relying in part on an Eighth Circuit decision, *Nack v. Walburg,* 715 F.3d 680 (8th Cir.2013), issued the same day as the Order denying Aventura class certification, as well as on a new declaration from Robert Martino on this point. (*See generally* Recons. Mot.). Aventura's Reconsideration Motion is predicated upon the invalidity of Med Waste's uniform opt-out notice contained in the offending facsimiles, which Aventura maintains does not satisfy the Telephone Consumer

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2013 WL 3463489 (S.D.Fla.)
**(Cite as: 2013 WL 3463489 (S.D.Fla.))**

Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"); this identical defect in all the facsimiles in question according to Aventura removes any individualized issues of concern to the Court in denying class certification. Med Waste insists the Court should not reconsider its class certification denial on the grounds that Aventura does not satisfy the standard for reconsideration, an opt-out notice is not required for solicited facsimiles, and there are other impediments to class certification in any event. (*See generally* Recons. Resp.). The Court addresses the parties' arguments below.

## II. STANDARD

The reconsideration decision is granted only in extraordinary circumstances and is "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co. .,* 434 F.Supp.2d 1286, 1301 (M.D.Fla.2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.,* 763 F.2d 1237, 1238–39 (11th Cir.1985)) (internal quotation marks omitted). "It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." *Lobegeiger v. Celebrity Cruises, Inc.,* 869 F.Supp.2d 1356, 1361 (S.D.Fla.2012) (quoting *Z.K. Marine, Inc. v. M/V Archigetis,* 808 F.Supp. 1561, 1563 (S.D.Fla.1992)) (internal quotation marks omitted). Furthermore, motions to reconsider are not "designed to permit losing parties to prop up arguments previously made [,][ ] to inject new ones, [ ]or to relieve a party of the consequences of its original, limited presentation." *Zodiac Grp., Inc. v. Axis Surplus Ins. Co.,* No. 12–80299–Civ, 2013 WL 357825, at *1 (S.D.Fla. Jan.29, 2013) (citation and internal quotation marks omitted).

**\*2** Thus, "[c]ourts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.,* 485 F.Supp.2d 1340, 1343 (S.D.Fla.2007) (quoting *Cover v. Wal–Mart Stores, Inc.,* 148 F.R.D. 294, 295 (M.D.Fla.1993)) (internal quotation marks omitted). "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Carnival Corp. v. Rolls–Royce PLC,* No. 08–23318–C1Y, 2010 WL 1854099, at *1 (S.D.Fla. May 3, 2010) (citation and internal quotation marks omitted). Further, "[i]n order to demonstrate clear error, the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *Vila v. Padron,* No. 04–20520–CIV, 2005 WL 6104075, at *1 (S.D.Fla. Mar.31, 2005) (citation omitted).

## III. ANALYSIS

Aventura satisfies the foregoing reconsideration standard. Aventura has shown with new evidence and a clarification of a key provision of the TCPA that reconsideration of the class certification denial decision is warranted. The Court explains.

In the Order denying class certification ("May 21 Order") [ECF No. 111], the Court summarized the factual background in this TCPA suit, wherein Aventura seeks to represent a class of persons in Florida, New York, and New Jersey; who were sent telephone facsimile messages in May 2010 of material advertising Defendants' services; from whom Defendants did not first obtain express permission to send the faxes; with whom Defendants did not have an established business relationship; and which faxes did not display a proper opt-out notice. (*See id.* 1–6). The Court summarized the standard governing Federal Rule of Civil Procedure 23 class certification, and the law applicable to the TCPA. (*See id.* 6–9). The Court does not repeat that background here and assumes the reader is familiar with it.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2013 WL 3463489 (S.D.Fla.)
**(Cite as: 2013 WL 3463489 (S.D.Fla.))**

Confronted with several objections raised by Med Waste to class certification, the Court focused on concerns with Plaintiff's proposed class definition, finding those "fatal to the requested certification." (*Id.* 10). The Court was particularly troubled with a class definition that did not distinguish between recipients who may have consented to the advertisements from Med Waste and those who did not. (*See id.* 11). Similarly, the Court was concerned that application of the established business relationship safe harbor provision, 47 U.S.C. section 227(b)(1)(C) (the "EBR Safe Harbor"), would involve individualized questions not suitable for class treatment. (*See id.* 15–16). For these two reasons, the Court denied class certification and did not reach some of Med Waste's additional arguments in opposition to class certification. (*See id.* 16).

**\*3** In the Reconsideration Motion, Aventura makes the case that it matters not whether Med Waste had the consent of, or an established business relationship with, the recipients of its faxed advertisements, because the advertisements all failed to contain the requisite opt-out notice, making the consent/EBR issues essentially irrelevant. In this regard, it appears that Aventura is amending its proposed class definition to remove the consent/EBR issues from the equation. (*See* Recons. Reply 7 ("Plaintiff's claim is that Defendants sent fax advertisements that did not contain the proper [opt-]out [notice]. Whether Defendants had consent to send these faxes or whether Defendants had an EBR with certain members of the class is immaterial to this issue.")). The Court thus turns to the law and facts provided in the Reconsideration Motion regarding the opt-out language and looks to see whether certification is now appropriate under the Rule 23 standards.

The TCPA prohibits the "use [of] any ... device to send, to a telephone facsimile machine, an unsolicited advertisement, unless ... the unsolicited advertisement contains a notice meeting the requirements under paragraph 2(D)." 47 U.S.C. § 227(b)(1)(C) & (C)(iii). The notice must be conspicuous, provide a domestic telephone number, and identify a cost-free mechanism for the recipient to opt-out of receiving future unsolicited advertisements. *Id.* § 227(b)(2)(D)(i), (iv)(I)-(II). Regulations promulgated under the statute "extend[ ] the opt-out notice requirement to solicited as well as unsolicited fax advertisements." *Nack,* 715 F.3d at 683 (citing 47 C.F.R. § 64.1200(a)(3)(iv)). In *Nack* the court concluded that "the regulation as written requires the senders of fax advertisements to employ the above-described opt-out language even if the sender received prior express permission to send the fax." *Id.* at 685. As Aventura urges in its Reconsideration Motion, individualized inquiries are no longer a concern as the sole issue in ascertaining class membership is whether in solicited and unsolicited advertisements the required opt-out language was included. *See Vandervort v. Balboa Capital Corp.,* 287 F.R.D. 554, 561 (C.D.Cal.2012) ("[T]he single determination as to whether the opt-out notice complied with the statute and regulations promulgated thereunder 'will resolve an issue that is central to the validity of each one of the [class members'] claims in *one stroke.*' " (emphasis and second alteration in original) (quoting *Wal–Mart Stores, Inc. v. Dukes,* ––– U.S. ––––, ––––, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011)).

Robert Martino's declaration [ECF No. 114–1], attached to the Reconsideration Motion, provides record support for Aventura's contention that Defendants did not include the required opt-out language in their faxed advertisements. And as Aventura emphasizes, Defendants have presented no evidence of a single advertisement containing the required language.

Med Waste repeats several additional arguments why class certification should be denied, arguments raised in its opposition to the Class Certification Motion and not addressed in the May 21 Order. (*See* Recons. Resp. 14–15). The

Case: 1:13-cv-03546 Document #: 87-6 Filed: 01/30/15 Page 4 of 6 PageID #:858

Page 4

Slip Copy, 2013 WL 3463489 (S.D.Fla.)
**(Cite as: 2013 WL 3463489 (S.D.Fla.))**

Court addresses these objections now briefly. Med Waste asserts Aventura has failed to establish numerosity or commonality under Federal Rules of Civil Procedure 23(a)(1) and (a)(2), respectively, because it has not shown Defendants actually sent facsimiles to the numbers provided on the list relied on by Aventura in its Class Certification Motion. (*See id.* 14). Martino testified he sold Avrohom Prager a list containing thousands of fax numbers, which Prager used to send faxes. Aventura is "not required to allege the exact number or identity of the class members." *Holtzman v. Turza,* No. 08 C 2014, 2009 WL 3334909, at \*4 (N.D.Ill. Oct.14, 2009) (internal quotation marks and citation omitted).

**\*4** Med Waste also challenges Aventura's ability to establish typicality, as Aventura's own facsimile number does not appear on the list of fax numbers Aventura relies on. (*See* Recons. Resp. 14). Typicality under Rule 23(a)(3) is satisfied if a plaintiff's claim arises from the same event or practice or course of conduct that gives rise to the claim of the other class members, and if the claims are based on the same legal theory. *In re Checking Account Overdraft Litig.,* 286 F.R.D. 645, 653 (S.D.Fla.2012) (citations omitted). As explained by Aventura in its Reply ("Class Certification Reply") [ECF No. 109] in support of its Class Certification Motion and at the May 10, 2013 oral argument on that motion, the Aventura fax number does appear on earlier versions of the list of numbers, confirming that multiple fax blasts were sent out by Med Waste and resolving any concerns about typicality under Federal Rule of Civil Procedure 23(a)(3). Aventura satisfies typicality as the course of conduct that produced its TCPA claim also produced the claims of the proposed class. Furthermore, the accuracy of the fax logs goes to the weight of the evidence rather than its admissibility. *Holtzman,* 2009 WL 3334909, at \*3 (citation omitted).

Med Waste also challenges Aventura's showing on its ability to adequately prosecute this action and its choice of counsel under Rule 23(a)(4). (*See* Recons. Resp. 14). These arguments fail to persuade. Aventura has supplied an adequate explanation regarding a prior dispute Aventura's Rule 30(b)(6) witness had with billing the Medicare program (*see* Class Cert. Reply 6), and has put forward information concerning the number of times Plaintiff's counsel has been found to be adequate to pursue TCPA claims similar to those raised here (*see id.* 5 (citing cases)).

Med Waste next asserts Aventura has failed to satisfy the more exacting requirements of Rule 23(b)(3), repeating that individual questions predominate over class-wide questions, and that Aventura fails to show a class action is a superior method for adjudication given that individual trials on the consent issue will need to be held for each class member. (*See* Recons. Resp. 14–15). These last arguments ignore the effect of the holding in *Nack* and the disappearance of the individualized concerns regarding consent and EBR Safe Harbor wrought by *Nack* and the reconstituted class definition. With consent and application of the EBR Safe Harbor being eliminated as criteria that serve to define (and defeat) the class, the singular issue of the absence of the correct opt-out language does not portend individual trials or individualized inquiries.

Med Waste also objects to a class that includes recipients in New York and New Jersey, insisting the class be limited to Florida residents; and it also asserts the class should be limited to owners of fax machines. (*See* Recons. Resp. 15 n. 8; Class Cert. Resp. 19–20). With regard to the former issue, Med Waste relies on Florida Statute section 768.734(1)(a), which provides: "In any action asserting the right to class action status, the claimant class having capacity to sue shall be limited to residents of this state at the time of the alleged misconduct...." As Aventura correctly points out in its Class Certification Reply, in making this argument Med Waste ignores Florida Statute section 768.734(1)(b)2, which states: "In addition, the claimant class may include nonresidents if the conduct giving rise to

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2013 WL 3463489 (S.D.Fla.)
**(Cite as: 2013 WL 3463489 (S.D.Fla.))**

the claim occurred in or emanated from this state." The conduct giving rise to the TCPA claim arose in Florida; indeed, Martino and Adverfax, who were hired to provide the list of numbers and create the offending facsimiles, are located in Florida.

**\*5** With regard to the latter issue, that is, that the class should be limited to owners of the fax machines, at oral argument Med Waste relied upon recent opinions by U.S. District Judge Sean Cox, wherein he concludes based on a review of the legislative history of the TCPA, that "the person or entity that owned the fax machine that received the unsolicited fax advertisement at issue is the person or entity with standing to assert a TCPA claim." *Compressor Eng'g Corp. v. Mfrs. Fin. Corp.,* No. 09–14444, 2013 WL 1789273, at \*16 (E.D.Mich. Apr.26, 2013); *see also APB Assocs., Inc. v. Bronco's Saloon, Inc.,* No. 09–14959, 2013 WL 1789275, at \*16 (E.D.Mich. Apr.26, 2013) (same). The Court in *Holtzman,* when earlier provided with a proposed class definition by Aventura's same counsel, of all persons who "owned or paid for some portion of the machine to which the fax was sent," found such language could prompt multiple claims from a singular fax transmission and modified the proposed definition. 2009 WL 3334909 at \* 1, \*6. Because the TCPA allows for recovery for actual monetary loss or $500 for each violation, whichever is greater, *see* 47 U.S.C. § 227(b)(3), the court in *Holtzman* omitted the ownership component from the class definition when it certified a class of persons who were sent offending facsimiles. 2009 WL 3334909 at \*6–7.

Given the decision in *Holtzman,* the Court understands Aventura's reluctance to seek certification of a class of fax machine owners. Furthermore, based upon a reading of the statutory text of the TCPA, the Court does not find the ownership requirement identified by Judge Cox to be an impediment to certification on the basis of lack of standing. While Judge Cox concluded the statute's purpose was to address the cost of the paper and ink incurred by the owners of fax machines and loss of use of the machines, the record here is silent on who incurred costs arising from Med Waste's non-compliant fax advertisements, be they users of the fax machines and/or the actual owners. The undersigned agrees that to define class membership by ownership is problematic, resulting in both over and under inclusiveness. Defining the class as those to whom Med Waste sent the offending facsimiles is a concrete way to identify Med Waste's intended recipients and obviates the need for considering multiple ownership of fax machines or instances where the owners themselves may not have experienced a loss upon receipt of a non-compliant fax advertisement. Defining the class in this way is also consistent with the text of the TCPA.

### IV. CONCLUSION

Aventura proposed in its Class Certification Motion that the Court certify the following class: "All persons who were sent one or more facsimiles in May 2010 from 'Med Waste Management' with the phone number '888–431–6386' and offering 'Guaranteed 20% Savings.' " (Class Cert. Mot. 1). The Court so orders.

Being fully advised, it is

**ORDERED AND ADJUDGED** that the Reconsideration Motion **[ECF No. 114]** is **GRANTED.**

**\*6 DONE AND ORDERED.**

S.D.Fla.,2013.
A Aventura Chiropractic Center, Inc. v. Med Waste Management LLC

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2013 WL 3463489 (S.D.Fla.)
**(Cite as: 2013 WL 3463489 (S.D.Fla.))**

Slip Copy, 2013 WL 3463489 (S.D.Fla.)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.