# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| David Davies ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-cv-3546 |
| ) | |
| W.W. Grainger, Inc. and John Does 1-12 ) | Judge Sharon Johnson Coleman |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff David Davies ("Davies") filed a putative class action against W.W. Grainger ("Grainger") alleging Grainger violated the Telephone Consumer Protection Act ("TCPA") and illegally converted property by sending unsolicited fax advertisements. This Court denied class certification and the Seventh Circuit denied Davies' petition for interlocutory appeal of that decision. Now before the court is Grainger's motion to dismiss Davies' individual claims for lack of subject matter jurisdiction. Dkt. 89. For the reasons stated below, the Court denies the motion.

**Background**

Following the denial of class certification, Davies moved for summary judgment on his individual claims. Dkt. 85. A few days later, Grainger sent to Davies a letter offering to settle the case and enclosed a check for $1500, representing the maximum statutory damages recoverable for one TCPA violation. Dkt. 90-1 at 2. In the letter, Grainger also stated that it would pay Davies' taxable costs and attorney's fees upon receipt of an itemized list of such costs and fees and that it agreed to not send Davies any further faxes. *Id.* Grainger then moved to dismiss Davies' complaint for lack of subject matter jurisdiction, arguing that Grainger's tender of the full relief demanded in Davies' complaint mooted the case and deprived this Court of Article III jurisdiction. Dkt. 90. After its initial letter, Grainger changed its position on Davies' entitlement to attorney's fees, stating that

the complaint did not "seek payment of attorney's fees" and that non-class action individual claims for conversion and under the TCPA did not provide for them. Dkt. 96-3 at 1.

Davies' responded that Grainger's offer did not provide for full relief because it did not include nontaxable litigation expenses, actual damages under the conversion claim, and an agreed-to injunction. Dkt. 96-4 at 1-2. Davies requested an additional check that would cover the fees, expenses, and conversion damages and stated that the money would be held in a trust account "while the parties litigate the remaining issues." *Id.* at 2. Enclosed with the response letter was a redacted billing statement for attorney's fees and expenses. Dkt. 96-4 at 3-18. Grainger replied that it would agree to a court ordered injunction and tendered to Davies a check for an amount inclusive of expenses and damages, but exclusive of attorney's fees. Dkt 101-1 at 2-3.

Now before the Court is Grainger's motion to dismiss for lack of subject matter jurisdiction, arguing that the actions described above have mooted the case. Dkt. 89.

**Legal Standard**

A court must dismiss any action which lacks subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3). The plaintiff, as the party invoking jurisdiction, bears the burden of demonstrating that jurisdiction exists. *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). "On a motion to dismiss for lack of subject matter jurisdiction, the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000).

**Discussion**

Having agreed to the entry of an injunction and to pay Davies' claimed expenses and damages, Grainger maintains that attorney's fees alone cannot save a case from mootness, particularly here where there is no legal basis for awarding them. Dkt. 101 at 3-4. Davies counters that whether he is

entitled to attorney's fees is not a jurisdictional question, and mooting the case on that basis would constitute an improper ruling on the merits. Dkt. 112 at 5. Either way, the court need not resolve the issue of attorney's fees in order to rule on Grainger's motion to dismiss. Under the Seventh Circuit's recently issued decision in *Chapman v. First Index, Inc.*, even an offer to satisfy a plaintiff's entire demand does not moot a case. 796 F.3d 783, 787 (7th Cir. 2015).

Grainger attempts to distinguish this case from *Chapman* by arguing that here Davies has accepted the offer since he failed to return the tendered checks and submitted to Grainger his tax identification number, information requested for the purpose of reporting the settlement payment. The Court does not agree that this behavior constitutes acceptance of an offer. Davies' letter made clear that even if Grainger tendered an amount inclusive of attorney's fees, Davies would not cash that check and did not believe such a tender would resolve the whole case. *See* Dkt. 96-4 at 2 ("We will hold the money in our client trust account *while the parties litigate the remaining issues …*") (emphasis added). Furthermore, as pointed out by the court in *Chapman*, an assertion that a party has accepted an offer of settlement is properly raised as an affirmative defense, not a jurisdictional bar. 796 F.3d at 787.

Grainger's observation that unlike in *Chapman*, the offer here was not a Rule 68 offer is irrelevant. Dkt 108-1 at 2. The court in *Chapman* explicitly overruled *Damasco v. Clearwire Corp.*, 662 F.3d 891, 894 (7th Cir. 2011), which did not involve a Rule 68 offer, and its holding extends to any "offer of full compensation." *Chapman,* 796 F.3d at 783.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss [89] is denied.

IT IS SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Judge

DATED:  September 29, 2015