IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID DAVIES d/b/a DAVIES HOME SERVICES, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>W.W. GRAINGER, INC. and JOHN DOES 1-12,<br><br>Defendants. | Case No. 13-cv-3546<br><br>Judge Sharon Johnson Coleman<br><br>Mag. Judge Michael T. Mason |

**PLAINITFF'S STATEMENT OF UNCONTESTED MATERIAL FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff, David Davies d/b/a Davies Home Services ("Plaintiff"), pursuant to Local Rule 56.1(a) (3), submits the following statement of uncontested material facts, including a description of the parties and facts supporting venue and jurisdiction:

**JURISDICTION AND VENUE**

1.  Defendant W.W. Grainger, Inc. ("Defendant") removed this case from the Circuit Court of Cook County, Illinois on grounds that the United States District Court for the Northern District of Illinois has subject matter jurisdiction under the provisions of 28 U.S.C. § 1331, because a claim pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, arises under federal law. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449-51 (7th Cir. 2005).

2.  Venue is proper in the Northern District of Illinois because the events giving rise to Plaintiff's claim occurred within this District. Deposition of David Davies (November 6, 2013), 14:11-17, 33:1-4, ("Davies Dep."), attached hereto as Exhibit A.

## PARTIES

3.  Plaintiff David Davies d/b/a Davies Home Services is an Illinois sole proprietorship that conducts business within the Northern District of Illinois. Davies Dep., 8:5-13, 9:8-11.

4.  Defendant W.W. Grainger does business in the Northern District of Illinois as an industrial distribution company. Deposition of Robert J. Finn (October 15, 2013), 10:6-15 ("Finn Dep."), attached hereto as <u>Exhibit B</u>.

5.  Robert J. Finn was Defendant's Senior Director of Marketing Communications for seven years prior to giving his deposition, and worked as the Director of Direct Marketing for Defendant for two years before becoming the Senior Director of Marketing. Finn Dep., 10:2-5, 11:6-16.

## FACTS

6.  Defendant maintained a database of its customers. Finn Dep., 12:11-13:17.

7.  There were various ways Defendant would gather a customer's fax number. Finn Dep., 43:1-9.

8.  Defendant assigned every customer a permanent customer number during the first transaction. Finn Dep., 66:12-22.

9.  Some database entries did not include a fax number. Finn Dep., 44:3-4; 74:13-16.

10. At some point in early or mid-2009, Defendant paid InfoUSA to find the fax numbers of the small businesses in Defendant's database that had never given Defendant their fax numbers. Finn Dep., 40:18-22, 42:10-12, 44:3-4, 51:1-10.

11. Plaintiff was in Defendant's database. Finn Dep., 47:23-48:1.

12. Plaintiff's fax number was not in Defendant's database. Finn Dep., 65:21-66:6.

13. Plaintiff does not recall ever giving his fax number to Defendant. Davies Dep., 79:5-20.

14. Plaintiff was not a regular customer of Defendant, but did recall receiving catalogs from Defendant over the years and purchasing from Defendant a motor for an exhaust fan for his office "years ago". Davies Dep., 17:14-18:7, 44:22-25, 46:12-19, 47:10-12.

15. Defendant's record indicates that Plaintiff made nine purchases from Defendant between 1994 and 2008, but Plaintiff does not recall most of those purchases. Davies Dep., 42:13-21, 44:22-24, 58:7-9.

16. Plaintiff had a multipurpose copier, scanner and fax machine at the business address attached to the telephone number (847) 825-3741. Davies Dep., 14:11-15:8, 15:3-5, 40:1-6.

17. The (847) 825-3741 number was not Plaintiff's main line, but a secondary line used for outgoing calls to keep the main line free and for faxing contracts. Davies Dep., 72:10-12, 77:16-22, 78:7-11.

18. Defendant obtained Plaintiff's fax number from InfoUSA, and not from Plaintiff itself. Finn Dep., 47:21-48:1; 65:21-24 ("Q. For the plaintiff in this case in particular, he did not give you his fax number, correct? A. Correct."); 66:1-6 ("Q. He was part of the group of the small businesses with no fax number that you sent to InfoUSA?" A. That is correct."). *See also* Defendant's Objections and Responses to Plaintiff's First Set of Requests for Admission Regarding Adequacy, No. 16, attached hereto as Exhibit C.

19. Defendant did not inform the customers who provided their fax numbers that Defendant would send advertising faxes to them. Finn Dep., 43:10-14.

3

20. Defendant did not contact the fax recipients seeking permission to send fax advertisements. Finn Dep., 60:4-8.

21. Defendant testified that it believed it had Plaintiff's permission to send the subject fax advertisement solely because Plaintiff had been a customer and Plaintiff had his fax number in a publicly available source. (Q. So I understand it is Grainger's position that plaintiff consented to receiving the fax advertisement. That is Grainger's position? A. That is correct. Q. Can you explain to me what that decision is based on? A. Yes. Mr. Davies is an existing customer, and he had his phone number and fax in a – publicly-available source, so that gives consent. Q. Any other reason? A. No.) Finn Dep., 73:10-20.

22. Defendant's agent testified that he was not aware of any other way in which Defendants might have obtained consent from Plaintiff or any of the recipients of Defendant's fax advertisements. Finn Dep., 75-19-22 (Q. Is there any other way that – either plaintiff or any of the other recipients gave consent to Grainger? A. Not that I'm aware of.).

23. In late 2008, Defendant decided to market to small businesses through fax advertisement. Finn Dep., 19:15-18.

24. A marketing team created Defendant's fax advertisements, including the copy points, the offer, and the terms and conditions. Finn Dep., 19:19-21, 30:8-10, 30:17-22.

25. Defendant's attorneys worked with the marketing team and reviewed the fax advertisements prior to the transmission of the advertisements. Finn Dep., 31:4-21, 31:19-21, 38:2-8.

26. In December 2008, Defendant began sending fax advertisements to market small businesses. Finn Dep., 16:13-17, 19:15-18.

4

5

27. Defendant hired Optima Direct to blast fax the advertisements to the small businesses targeted by Defendant. Finn Dep., 53:17-54:6.

28. Defendant gave the list of fax numbers it obtained from InfoUSA to Optima Direct to transmit its fax advertisements. Finn Dep., 53:17-22.

29. Defendant had Optima Direct transmit, on its behalf, ten fax broadcasts between December 2008 and December 2009. Finn Dep., 32:14, 53:19-20.

30. Optima Direct provided Defendant with reports of the fax blasts. Finn Dep., 63:14-20.

31. Plaintiff was sent an advertisement on December 2, 2009, during the last fax broadcast. Finn Dep., 32:22-33:4.

32. Plaintiff received the following fax from Defendant:

12/2/2009 12:56 866-404-3933 To: DAVIES HOME SERVICES    D 1/1



# GRAINGER.

**Monthly Specials**

*Limited Time Offer! Ends 12/31/09*

# $25 off*

## your next order of $100 or more

### Choose from any category, including:

- Motors & Power Trans
- Material Handling
- Safety
- Janitorial & Painting
- Hand Tools
- HVAC/R
- Pumps & Plumbing
- Lighting
- And More!

**CALL TODAY**  >  Offer only valid when calling
**1-877-877-6410**
From 7 a.m. - 6 p.m. CT, M-F and mention code **M-S245**

* Offer valid for the intended recipient of this fax and is not transferable. Offer valid on products ordered from December 1, 2009 to December 31, 2009 and only when placing an order by phone at 1-877-877-6410. $25 off applies to your next order of $100 or more at the Grainger catalog each price on products advertised in the Grainger catalog or shown on Grainger.com® only, and does not apply to tax and freight, special or custom products, or Grainger TripleGuard® repair & replacement coverage. The $100 minimum purchase requirement excludes select items from the following categories: Electrical wire and cable, conduit, building wire, copper pipe and tubing, raw materials (blanks, flats, bars, plates, sheet stock, rod stock), A/C refrigerant line sets, refrigerants, ice melt, power tools, generators, test equipment and gauges. For a list of specific skus excluded, call 1-877-877-6410. Offer cannot be combined with any other promotions or price discounts. All sales are subject to Grainger's current Sales and Terms & Conditions available in Grainger's general catalog and on Grainger.com which are incorporated herein by reference.

If you do not wish to receive faxes from Grainger, please call 1-888-730-4920 extension 1792 and enter the fax number(s) to which you no longer wish to receive correspondence, or fax your request to 1-866-404-3933. Our failure to comply with your request within 30 days of receipt is unlawful.

©2009 W.W. Grainger, Inc M-P822-B

6

attached hereto as Exhibit D.

33. Defendant admits the subject fax is a fax advertisement. Finn Dep., 29:14-30:12.

34. The fax advertisement Defendant sent to Plaintiff contained an opt-out notice at the very bottom of the page, after Defendant's other terms and conditions. *See* Exhibit D.

35. Plaintiff could not read the opt-out notice on Defendant's fax without his glasses. Davies Dep., 35:15-16 ("Honestly, I can't read this, it's so tiny. Let me get my glasses.").

October 14, 2015.                                     Respectfully submitted,

                                                      /s/ Kimberly M. Watt

                                                      One of Plaintiffs' attorneys

                                                        Phillip A. Bock
                                                        James M. Smith
                                                        Kimberly M. Watt
                                                        BOCK & HATCH, LLC
                                                        134 N. La Salle St., Suite 1000
                                                        Chicago, IL 60602
                                                        Telephone: 312/658-5500