# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| David Davies | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 13-cv-3546 |
| W.W. Grainger, Inc. and John Does 1-12 | ) | Judge Sharon Johnson Coleman |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff David Davies ("Davies") filed a putative class action against W.W. Grainger ("Grainger") alleging Grainger violated the Telephone Consumer Protection Act ("TCPA") and illegally converted property by sending unsolicited fax advertisements. This Court denied class certification and the Seventh Circuit denied Davies' petition for interlocutory appeal of that decision. Grainger then filed a motion to dismiss Davies' individual claims for lack of subject matter jurisdiction on the basis that its tender of full relief deprived this Court of Article III jurisdiction. The Court denied Grainger's motion, finding the case was not materially distinguishable from *Chapman v. First Index, Inc.*, which dictates that an offer to satisfy a plaintiff's entire demand does not moot a case. 796 F.3d 783, 787 (7th Cir. 2015). Grainger now moves to dismiss for lack of subject matter jurisdiction on the basis that Davies has no injury and therefore lacks standing. Grainger also moves for summary judgment on the basis that its offer of full relief estops Davies from continuing with this action. For the reasons stated below, the Court denies the motions.

**Background**

*Pre-suit Factual History*

On or about December 2, 2009, Grainger sent a fax advertisement to Davies. (Dkt. 144 at 2.) Davies did not thereafter receive any other fax advertisements from Grainger. (*Id.*) The fax

contained an opt-out notice, but the parties dispute whether the opt-out notice complies with the requirements of the TCPA. (Dkt. 135 at 1; Dkt 136-1 at 132; Dkt. 144-1 at 48.) Davies alleged in his complaint that the fax was sent without his express invitation or permission. (Dkt. 1-1 ¶ 30.) But Grainger maintains the fax was not unsolicited because Grainger and Davies had an established business relationship. (Dkt. 131 at 12.)

*Post-Complaint Factual History*

Following the denial of class certification, Grainger sent Davies a letter offering to settle the case and enclosed a check for an amount representing the maximum statutory damages recoverable for one TCPA violation. (Dkt. 90-1 at 2.) Davies' responded with a request for an additional check that would cover attorney's fees, nontaxable litigation expenses, and conversion damages, and stated that the money would be held in a trust account "while the parties litigate the remaining issues." (Dkt. 96-4 at 2.) Grainger tendered to Davies an additional check for an amount inclusive of expenses and damages, but exclusive of attorney's fees, and stated it would agree to a court ordered injunction. (Dkt. 101-1 at 2-3.) Grainger does not believe Davies is entitled to attorney's fees because the complaint did not "seek payment of attorney's fees" and the individual claims for conversion and under the TCPA do not provide for them. (Dkt. 96-3 at 1.) Davies never returned either check tendered by Grainger. (Dkt. 144 ¶ 23.)

**Legal Standard**

A court must dismiss any action which lacks subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3). The plaintiff, as the party invoking jurisdiction, bears the burden of demonstrating that jurisdiction exists. *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). On a motion to dismiss for lack of subject matter jurisdiction, "the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to

evidence that calls the court's jurisdiction into doubt." *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000).

Summary judgment is appropriate if the evidence shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the "initial responsibility" to show that there is no genuine issue of material fact, *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986), but the Court must view all facts and make all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The Court may enter summary judgment only if the record as a whole establishes that no reasonable jury could find for the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.,* 209 F.3d 687, 692 (7th Cir.2000).

**Discussion**

*Standing*

Grainger argues that Davies has no standing because he cannot show he has suffered any injury. Even assuming the opt-out notice was deficient, Grainger contends that Davies was not harmed because Grainger never sent him another fax. In making this argument, Grainger assumes that the Court already decided, in its order denying class certification, that Grainger and Davies had an established business relationship. Therefore, Grainger reasons, the initial fax was legally permissible and the only possible source of injury is the allegedly deficient opt-out notice. Grainger's reading of the Court's order denying class certification is incorrect. The order was not a decision on the merits of Davies' claims. Rather, the Court determined that Davies was not an adequate class representative because he would have to spend substantial time and attention rebutting defenses that *arguably* applied to his individual claim. *Davies v. W.W. Grainger, Inc.*, No. 13-CV-3546, 2014 WL 2935905, at *3 (N.D. Ill. June 27, 2014) ("Grainger *arguably* has an established business relationship with Davies.") (emphasis added). Furthermore, even if Grainger had conclusively proven an established

3

business relationship existed between the parties, Davies would still have standing to litigate a TCPA claim based solely on the deficient opt-out notice.

The Seventh Circuit has recognized that statutes like the TCPA which create "bounty-like relief in the form of statutory damages" do not require "proof of injury" in order for a plaintiff to recover. *Schlueter v. Latek*, 683 F.3d 350, 356 (7th Cir. 2012). Relying on *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 772 (2000), Grainger argues that this case must be dismissed because Davies' only interest in this suit is statutory damages, and such a limited interest is insufficient to confer Article III standing. *Vermont Agency* provides that where part of the plaintiff's interest is recovery of statutory damages, there must also be an interest in "obtaining compensation for, or preventing, the violation of a legally protected right." 529 U.S. at 773. Here the relevant legal right created by Congress under the TCPA is the right to be free from fax advertisements whose opt-out notices are not TCPA-compliant. Davies had such a right and alleges it was violated. It does not matter that the violation of that right may have had no monetary or emotional consequences for him as the recipient of the fax. Congress has the authority to create a legal right "the denial of which would, in and of itself, give rise to the type of injury necessary to establish standing in conformance with Article III." *Kyles v. J.K. Guardian Sec. Servs., Inc.,* 222 F.3d 289, 296 (7th Cir. 2000). It has done so with the TCPA. Thus, for a plaintiff complaining about a defective opt-out notice on a fax advertisement, the injury occurs when the plaintiff receives the first noncompliant fax. The plaintiff need not wait until he receives a second fax in order to claim injury. Because it is undisputed that Davies received a fax from Grainger and there is a material factual dispute as to whether the opt-out notice on said fax complied with the requirements of the TCPA, there continues to be a live controversy which Davies' has standing to litigate.

*Estoppel*

Grainger asks this court to find that Davies is estopped from pressing his case because he has "unclean hands." The doctrine of unclean hands is intended to prevent a party from benefitting from its own bad acts. *Cement-Lock v. Gas Tech. Inst.*, 618 F. Supp. 2d 856, 888 (N.D. Ill. 2009) (Pallmeyer, J.) Davies' alleged bad act is continuing to litigate this case "not for his benefit, but for the lawyers' benefit" despite having been offered full relief of his individual claim. To support its argument that such conduct warrants judgment for the defendant, Grainger points to dicta in *Chapman* which states that "[r]ejecting a fully compensatory offer *may* have consequences other than mootness" and notes that those consequences might be the availability of an affirmative defense "*perhaps* in the nature of an estoppel or waiver." 796 F.3d at 787. (emphasis added). In the very next paragraph, the *Chapman* court also notes, "it may be that, in class actions, the conclusion 'not moot' implies that the case should be allowed to continue—for even a settlement offer after the district judge has declined to certify a class may be designed to prevent an effective appeal." *Id.* The most logical reading of these two paragraphs together is that the *Chapman* court believed an estoppel or waiver type affirmative defense might be available when an offer of full relief is rejected[1] in cases brought only for individual claims, but should not be available in cases filed as putative class actions. Because Davies' now-individual claims were originally brought as part of a putative class action, the Court declines to apply an estoppel or unclean hands affirmative defense.

---

[1] As explained in this Court's order on Grainger's first motion to dismiss, Davies is not deemed to have accepted the offer simply because he failed to return the tendered checks. *See Davies v. W.W. Grainger, Inc.,* No. 13-CV-3546, 2015 WL 5723220, at *2 (N.D. Ill. Sept. 29, 2015).

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss or for summary judgment [134] is denied.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED:  April 4, 2016