UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| David Davies d/b/a Davies Home Services, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> W.W. Grainger, Inc. and John Does 1-12, ) <br> ) <br> ) <br> Defendants. ) <br> ) | Case No. 13-cv-03546 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's and Defendant's cross motions for summary judgment [164, 169]. David Davies ("Davies") originally filed a two count complaint on behalf of himself and a class of similarly situated individuals against W.W. Grainger ("Grainger") alleging a violation of the Telephone Consumer Protection Act ("TCPA") and a state law conversion claim. The Court declined to certify the class [67]; only Davies's individual claims remain. Both Davies and Grainger move for summary judgment on Davies's TCPA claim; Grainger moves for summary judgment on Davies's conversion claim. For the following reasons, Davies's motion for summary judgment [164] is denied and Grainger's motion for summary judgment [169] is granted in part and denied in part.

**Background**

The following facts are undisputed. In 2008, Grainger started marketing to small businesses via fax advertisements. (Dkt. 165 ¶ 6; Dkt. 171 ¶ 3). The advertisements promoted Grainger's products by offering them at a discount for a limited time and providing a special code to take advantage of the offer by telephone only. (Dkt. 165 ¶ 8).

Grainger's records indicate that from February 1994 to September 2008, there are at least nine purchases attributable to Davies or his business. (Dkt. 171 ¶ 7). Grainger hired InfoUSA in 2009 to collect the fax numbers of small businesses in Grainger's database by combing through public records. (Dkt. 165 ¶ 18, 19; Dkt. 171 ¶ 10, 12). InfoUSA obtained Davies's fax number published in editions of the Illinois North Shore region Yellow Pages and Business White Pages. (Dkt. 171 ¶ 12).

On December 2, 2009, Grainger sent Davies a single fax. (Dkt. 165 ¶ 10; Dkt. 171 ¶ 4). Grainger admits that the fax was an advertisement and that it was sent by fax transmission. (Dkt. 165 ¶¶ 11, 12). Davies's fax machine printed the advertisement, thereby consuming Davies's paper and ink. (Dkt. 165 ¶ 14). Grainger did not write or call Davies to expressly request permission to send the advertisement. (Dkt. 165 ¶ 21). The advertisement contained the following notice:

> If you do not wish to receive faxes from Grainger, please call 1-888-739-4920 extension 1732 and enter the fax number(s) to which you no longer wish to receive correspondence, or fax your request to 1-866-404-3933. Our failure to comply with your request within 30 days of receipt is unlawful.

A copy of the advertisement can be found at Dkt. 179-9, p. 49; Dkt. 171-4.[1]

**Legal Standard**

Summary judgment is appropriate where the pleadings, depositions, admissions and affidavits demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001).

---

[1] The parties dispute which of the tendered copies of the fax advertisement is a true and correct copy of the advertisement. The text of the opt-out notice is the same in each party's respective copy.

**Discussion**

*a. Article III Standing*

As an initial matter, the Court must address Grainger's contention that Davies lacks Article III standing. Grainger argues that Davies cannot assert any injury in fact as a result of Grainger's purported procedural violation of the TCPA – its failure to include a compliant opt-out notice on the fax advertisement.

The Court previously held that Davies had standing to bring his TCPA claim. *Davies v. W.W. Grainger, Inc.*, No. 13-cv-3546, 2016 WL 1298667, *2 (N.D. Ill. Apr. 4, 2016) (observing that the Seventh Circuit, at the time, did not require proof of injury to recover where statutes like the TCPA afforded parties statutory damages). Since then, the Supreme Court has made clear that a plaintiff must allege a "concrete" injury, not just a procedural violation divorced from harm, to establish Article III standing. *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1548-49, 194 L. Ed. 2d 635 (2016); *see also Diedrich v. Ocwen Loan Servicing, LLC*, --- F.3d ---, 2016 WL 5852453, *2 (7th Cir. Oct. 6, 2016). To survive summary judgment, a plaintiff must also show that a defendant's failure to comply with the statute in question caused their injury. *Diedrich*, 2016 WL 5852453 at *5.

The TCPA establishes "the right to be free from fax advertisements whose opt-out notices are not TCPA-compliant." *Davies*, 2016 WL 1298667 at *2. To be compliant, a fax advertisement must include an opt-out notice, and the notice must be clear and conspicuous. 47 U.S.C. §§ 227(b)(1)(C)(iii), (2)(D)(i). The denial of this right, in and of itself, "give[s] rise to the type of injury necessary to establish standing in conformance with Article III." *Kyles v. J.K. Guardian Sec. Servs., Inc.*, 222 F.3d 289, 296 (7th Cir. 2000) (finding that the denial of a right to information, created by Congress, gave rise to Article III standing).

If the Court, for the sake of argument, assumes that the opt-out notice on the fax Grainger sent Davies was not clear and conspicuous, then Davies suffered an injury the moment he received

3

the fax. This is the same injury Davies would have suffered if the fax failed to include an opt-out notice all together. This violation of the TCPA would have directly caused Davies harm. Therefore, the Court finds that Davies has Article III standing because he has asserted an injury in fact. The Court notes in section b of this opinion, however, that there are still issues of material fact as to whether the opt-out notice in the fax Grainger sent Davies was clear and conspicuous. This precludes a finding of summary judgment for either party on Davies's TCPA claim.

*b. Telephone Consumer Protection Act*

The TCPA prohibits a party from sending unsolicited fax advertisements unless the sender and the recipient have an established business relationship ("EBR"), the sender obtained the recipient's fax number via a public directory where the number was voluntarily published, and the advertisement contains an adequate opt-out notice. 47 U.S.C. §§ 227(b)(1)(C), (b)(2)(D)-(E). Federal regulations define "established business relationship" as:

> a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party.

47 C.F.R. § 64.1200(f)(6).

Davies argues that summary judgment on his TCPA claim is appropriate because Grainger's fax advertisement was unsolicited and because the advertisement contained a statutorily deficient opt-out notice. Grainger contends that its single fax advertisement was lawful because it complied with the TCPA.

The federal regulations are clear: an EBR is formed "by a voluntary two-way communication between a person or entity and a business or residential subscriber . . . on the basis of [a] . . . purchase . . . ." 47 C.F.R. § 64.1200(f)(6). Such a business relationship, even if based on one purchase, "will permit [the] entity to send facsimile advertisements . . . until the [customer]

4

'terminates' [the EBR] by making a request not to receive future faxes." *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 21 F.C.C.R. 3787, 3798 (F.C.C. Apr. 6, 2006) ("*In re Rules*"). There is no authority to support Davies's argument that an EBR requires a line of credit between parties. The uncontested evidence shows that over the course of 14 years, Grainger fulfilled nine orders that are attributable to Davies. This history establishes that, at the time Grainger faxed the advertisement to Davies, the parties had an EBR. 47 U.S.C. § 227(b)(1)(C)(i). No reasonable jury could find that Davies did not make at least one purchase from Grainger, therefore, an EBR exists.

It is also indisputable that InfoUSA obtained Davies's fax number for Grainger from a public source – the Yellow and/or White Pages. Therefore, the record shows that Grainger also satisfied the second TCPA requirement which would have permitted Grainger to send Davies an unsolicited fax advertisement. 47 U.S.C. § 227(b)(1)(C)(ii).

The Court next turns to whether the opt-out notice on the advertisement is adequate. 47 U.S.C. § 227(b)(1)(C)(iii). A fax advertisement contains an adequate notice if the notice is clear and conspicuous on the first page of the advertisement; the notice provides that the recipient may make a request to the sender not to send any future unsolicited advertisements; the notice includes telephone and fax numbers for the recipient to transmit such a request; there is a cost-free mechanism to transmit the request; and the telephone and fax numbers and the cost-free mechanism permit a recipient to make such a request at any time on any day of the week. 47 U.S.C. §§ 227(b)(2)(D)-(E). It is indisputable that the opt-out notice satisfies many of the criteria listed in the TCPA. The notice appears on the first page of the advertisement, lists telephone and fax numbers via which the recipient can request a cessation of future unsolicited advertisements, the

5

number is cost free, and the mechanism to make this request was available 24 hours a day and seven days a week.[2]

The primary contention is whether the opt-out notice is clear and conspicuous. The parties dispute whether this contention is to be resolved by a judge or jury. The Court is not aware of any Seventh Circuit authority addressing whether the TCPA's clear and conspicuous requirement for opt-out notices raises a legal or factual question, therefore, the Court looks to the FCC rules and regulations and analogous cases for guidance.

The FCC defines clear and conspicuous as a "notice that would be apparent to a *reasonable consumer*" and has concluded that the notice "must be separate from the advertising copy or other disclosures [in the advertisement]." *In re Rules*, 21 F.C.C.R. at 3801 (emphasis added); 47 C.F.R. § 64.1200(f)(3). The "notice must be distinguishable from the advertising material through . . . use of bolding, italics, different font, or the like." *In re Rules*, 21 F.C.C.R. at 3801. As Davies points out, the FCC's definitions for "clear and conspicuous" in the TCPA and the Truth-in-Lending-Act ("TILA") are to be consistent. Nothing in the FCC rules and regulations, however, requires courts to interpret or apply the two in the same way.

Davies cites *Smith v. Check-n-Go*, a case in which the Seventh Circuit addressed whether certain terms of a loan agreement were, as required by TILA, "more conspicuous than any other disclosure [in the agreement]" to a "reasonable person." 200 F.3d 511, 514-15 (7th Cir. 1999). The unpredictability of the "reasonable person" led the Court to conclude that '[t]he [clear and conspicuous] inquiry must be objective, which makes the question legal rather than factual." *Id.* at 515. The reasoning in *Smith* is sound, but because it involves a TILA and not TCPA complaint, this Court does not find *Smith* to be binding. The Court finds *Hana Fin., Inc. v. Hana Bank,* 135 S. Ct.

---

[2] Davies argues that the notice is statutorily deficient because it does not indicate that the telephone and fax lines are available 24/7. The Court finds this argument unpersuasive. The statute requires that the opt-out mechanisms be available 24/7, not that the notice list that they are available 24/7.

907, 911, 190 L. Ed. 2d 800 (2015), and *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 762 (7th Cir. 2014), cases cited by Grainger, to be more instructive.

In *Hana*, the Supreme Court addressed the reasonable person standard in a trademark tacking case. The Court observed that "when the relevant question is how an ordinary person or community would make an assessment, the jury is generally the decisionmaker that ought to provide the fact-intensive answer." *Hana*, 135 S. Ct. at 911. This is true even when there is a mixed question of law and fact, as "juries answer often-dispositive factual questions or make dispositive applications of legal standards to facts." *Id.* at 911, 912. The Supreme Court noted that although juries can be unpredictable in making these applications, that unpredictability has not been a barrier to them hearing mixed questions. *Id.* at 912. The Court then concluded that when a jury is to be empaneled and the facts do not warrant summary judgment, how a reasonable person makes an assessment is a question for the jury. *Id.; see also Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 762 (7th Cir. 2014) (holding that a jury should have decided whether packaging was misleading to reasonable consumers).

It is this Court's position that the question of whether the opt-out notice is clear and conspicuous is a mixed question of law and fact. There is the legal issue – whether the opt-out notice is "conspicuous" – and the factual issue – whether a reasonable consumer would be drawn to the notice. *In re Rules*, 21 F.C.C.R. at 3801. Therefore, this issue would be before a jury. *Hana*, 135 S. Ct. at 911, 912; *Suchanek*, 764 F.3d at 762.

The evidence in the record shows that there are issues of fact related to whether the opt-out notice is clear and conspicuous. On one hand, the advertisement itself suggests that the notice is not clear and conspicuous. To the naked eye, the notice is barely set off from and appears to be the same size font as the text before it. On the other hand, Grainger presents expert testimony and evidence concluding that the notice was clear and conspicuous. Davies, however, identifies many

7

purported flaws in the expert's analysis. There is not enough evidence either way such that either Davies or Grainger would be entitled to judgment as a matter of law. The court finds that there are material issues regarding whether the opt-out notice is clear and conspicuous, therefore, summary judgment is denied as to Davies or Grainger's motions on the TCPA claim.

*c. Common Law Conversion*

Grainger argues that summary judgment on Davies's conversion claim is appropriate because it is barred by the *de minimis* doctrine. Davies contends that the *de minimis* doctrine does not bar his conversion claim because the Northern District of Illinois and Illinois State Courts have indicated that junk fax actions can be the subject of conversion claims.

To establish a claim for conversion under Illinois law, a plaintiff must demonstrate that "the defendant wrongly and without authorization assumed control, dominion, or ownership over the property." *Green v. Anthony Clark Int'l Brokers, Ltd.,* No. 09 C 1541, 2009 WL 2515594 (N.D. Ill. Aug. 17, 2009) (Kennelly, J.) (citing *Cirrincione v. Johnson*, 184 Ill. 2d 109, 114, 703 N.E.2d 67, 70 (1998)). Davies alleges that Grainger is liable for conversion because Grainger "effectively stole" Davies's "fax machin[e], paper, toner, and employee time" by sending a single page fax. (Dkt. 13-2 ¶¶ 47-48). The *de minimis* doctrine, however, provides that the law "doesn't concern itself with trifles." *Brodsky v. HumanaDental Ins. Co.*, No. 10 C 3233, 2014 WL 2780089, at *10 (N.D. Ill. June 12, 2014) (Durkin, J.) (citation omitted), *opinion modified on denial of reconsideration*, 2014 WL 4813147 (N.D. Ill. Sept. 29, 2014).

None of the cases Davies and Grainger cite are applicable here, apart from defining the *de minimis* doctrine. Those cases – all at the motion to dismiss stage – illustrate a split in this District on whether a conversion claim in a junk fax action can be *pleaded*. Here, the Court is addressing whether, in this instance, Davies's conversion claim can be *maintained as a matter of law*.

8

Summary judgment, based on the *de minimis* doctrine, is appropriate on conversion claims in junk fax actions when the Court is able to determine the significance of the damages of the alleged conversion. *Brodsky*, 2014 WL 2780089 at *10. In granting summary judgment on a conversion claim in a junk fax action, the Court in *Brodsky* observed that even if the Plaintiff could establish all of the elements of conversion, he would, at most, only be entitled to the cost of two sheets of paper and "maybe pennies for the toner." *Id.* Davies is in an even worse position than the plaintiff in *Brodsky* – Davies was only deprived of *one* sheet of paper. Whatever damages Davies suffered as a result of the receipt of *one* unsolicited fax are so small and trivial that his conversion claim is barred as a matter of law. *Id.*

**Conclusion**

For the foregoing reasons, Davies's motion for summary judgment is denied and Grainger's motion for summary judgment is granted in part and denied in part. Davies's claim for conversion is dismissed as a matter of law. The only remaining issue is whether the opt-out notice is clear and conspicuous.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: November 21, 2016